UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.R. By and Through His Guardians Ad Litem DARCY MIRAMONTES and CHRISTOPHER ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>Del Mar Union School District,<br><br>Defendants. | Case No.: 3:19-cv-0132-AJB-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SUPPLEMENT**<br>**(Doc. No. 22)** |

Before the Court is Defendant Del Mar Union School District's motion to supplement the administrative record. (Doc. No. 22.) For the reasons stated herein, the Court **GRANTS** the motion.

## I. BACKGROUND

Plaintiff seeks review of an administrative hearing in which his claim regarding reimbursement of costs spent seeking private placement at a residential treatment center was denied.

## II. LEGAL STANDARDS

In evaluating a complaint under the IDEA, the district court "shall receive the record of the [state] administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief

as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The Ninth Circuit has interpreted this as calling for de novo review. *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994), cert. denied, 513 U.S. 965 (1994). However, it has cautioned that this court must give deference to the state hearing officer's findings, particularly when they are thorough and careful. *Id.* This court also "must give 'due weight' to judgments of education policy when [we] review state hearings. . . . [C]ourts should not substitute their own notions of sound educational policy for those of the school authorities which they review." *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996) (citing *Union Sch. Dist.*, 15 F.3d at 1524 (quotations omitted)). In *San Diego v. California Special Educ. Hearing Office*, the Ninth Circuit stated:

> [T]he court in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the Hearing Officer's resolution of each material issue. After such consideration, the court is free to accept or reject the findings in part or in whole. . . . Despite their discretion to reject the administrative findings after carefully considering them, however, courts are not permitted simply to ignore the administrative findings . . . . At bottom, the court itself is free to determine independently how much weight to give the administrative findings in light of the enumerated factors.

93 F.3d 1458, 1466 (9th Cir.1996) (internal citations and quotation marks omitted).

Grounds for introducing additional evidence could include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* Under Ninth Circuit precedent, "evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii). *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011).

### III. DISCUSSION

Defendant wishes to include video evidence of "Raz Gibson, a Del Mar Union

School District psychologist, [who] testified on behalf of Defendant." (Doc. No. 22-1 at 3.) These two short videos include testimony regarding "the 10 days she spent at Sandhill with Plaintiff, Plaintiff's needs, Plaintiff's behaviors, and her belief that Plaintiff's needs—including his behavior-related needs—could be appropriately addressed in a less restrictive setting than a [residential treatment center]." (*Id.*) At the underlying hearing, Plaintiff's counsel objected to the video's admissions arguing they were irrelevant, incomplete, and cumulative. The ALJ ultimately sustained the objection.

Defendant now argues the evidence is relevant because the videos are "part of an assessment which was at issue in the underlying due process hearing." (Doc. No. 22-1 at 5.) Defendant also argues the videos are not cumulative in nature because it is a different form of evidence and "provides additional details not included in Ms. Gibson's personal notes and Sandhill's related incident report." (*Id.* at 5–6.) Defendant finally argues that Plaintiff will suffer no prejudice if the exhibits are admitted, while Defendant will. (*Id.* at 6–7.) Defendant claims the videos are short in nature, that Plaintiff is already aware of them, that Plaintiff has already cross-examined the witness in the videos, and the transcript of such is already in the record so the Court can analyze everything for itself. (*Id.* at 7.)

Plaintiff argues the ALJ "properly excluded" the evidence "because the videos are cumulative in nature." (Doc. No. 24 at 5.) Plaintiff's other complaints with the evidence are that the video failed to capture enough information to have probative value because it "does not capture the entire lead-up to the hold, the duration of the hold, or the events after the hold. D-106 shows only two minutes of a 45-minute incident." (*Id.*)

Weighing these arguments against the legal standards, the Court finds that supplementing the record with the video evidence is appropriate. However, the Court also caveats that by reminding the parties the Court will give appropriate deference to the ALJ's findings regarding the video's cumulative effects and potential for prejudice. But if the Court is to conduct essentially a *de novo* review, the Court finds having all the evidence the ALJ had in front of it is beneficial to the parties and the Court's analysis. Further, the Court cannot determine whether the ALJ improperly excluded the evidence without being

able to consider it. Of course, the Court will give the parties an opportunity to make similar arguments here at the appropriate time.

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's motion to supplement the record. (Doc. No. 22.)

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Anthony J. Battaglia
United States District Judge